IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BMO NESBITT BURNS SECURITIES LTD., BMO HARRIS BANK, N.A., and BMO CAPITAL MARKETS CORP.<br><br>Defendants. | Civil Action No. 1:18-cv-06721(JBG) |

**JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULE**

Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited ("Plaintiffs") and Defendants BMO Nesbitt Burns Securities Ltd. ("BMO Nesbitt Securities") BMO Harris Bank, N.A. ("BMO Harris") and BMO Capital Markets Corp. ("BMO CMC") (collectively, "Defendants") ("Plaintiffs" and "Defendants" hereafter, collectively, the " Parties") respectfully submit this joint status report and proposed schedule pursuant to Fed. R. Civ. P. 26(f)(3) and the Standing Orders in Section 1 of this Court's Case Management Packet.

**I. PRIOR PROCEEDINGS AND RULE 26(f) CONFERENCE**

Plaintiffs commenced this action on October 4, 2018. (Dkt. No. 1.) Defendants' time to answer or otherwise respond was originally November 14, 2018. On November 14, 2018, Defendants, with the consent of Plaintiffs, sought and obtained an extension to file an answer or otherwise respond to Plaintiffs' Complaint through and including December 14, 2018. (Dkt. Nos. 17, 20.) The Court set the initial status conference for December 7, 2018. (Dkt. 3.) On

November 15, 2018, the Court adjourned the initial status conference and rescheduled it for December 19, 2018. (Dkt. No. 20.) On December 13, 2018, Defendants, with the consent of Plaintiffs, sought and obtained a second extension to file an answer or otherwise respond to Plaintiffs' Complaint through and including December 21, 2018. (Dkt. No. 23). The Court again adjourned the initial status conference until January 11, 2019. (Dkt. No. 23). On December 21, 2018, Defendants, with the consent of Plaintiffs, sought and obtained a third extension to file an answer or otherwise respond to Plaintiffs' Complaint through and including January 11, 2019. (Dkt. No. 26). On January 8, 2019, counsel for the Parties called Your Honor's courtroom deputy to jointly request an adjournment of the initial status conference until January 16, 2019 because Defendants' counsel had a prior commitment that could not be rescheduled. The Parties' request was granted the Court adjourned the status conference until January 16, 2019 at 9:30am. (Dkt. No. 27). On January 11, 2019, Defendants, with the consent of Plaintiffs, sought and obtained a fourth extension to file an answer or otherwise respond to Plaintiffs' Complaint through and including January 25, 2019. (Dkt. No. 28). The Court again adjourned the initial status conference until February 1, 2019 at 9:30am. (Dkt. No. 30).

The Parties are engaged in ongoing communications regarding settlement and the identification of the correct parties in interest in this lawsuit. Defendants have raised the issue that BMO Nesbitt Securities and BMO Harris may not be the true parties in interest. Defendants have been conducting an internal investigation to try and determine if the named Defendants are the correct parties of interest in this case and to provide Plaintiffs with information related to ongoing settlement discussions. On January 8, 2019 and January 18, 2019 Defendants provided email summaries with information resulting from their internal investigation. The Parties have discussed the same during multiple telephone conferences,

resulting in the filing of Plaintiffs' First Amended Complaint on January 25, 2019. (Dkt. 32). The Parties are continuing to discuss the results of Defendants' investigation and are working to set up a face-to-face meeting to discuss possible settlement.

The Parties participated in a first Rule 26(f) telephone conference on December 4, 2018. Participants in the telephone conference were Robert L. Powley, James M. Gibson and Jason H. Kasner (for Plaintiffs) and Susan J. Kohlmann, Benjamin J. Bradford, and Anna J. Mitran (for Defendants). The Parties again conferred by telephone on January 10, 2019 and January 29, 2019 to address additional Rule 26(f) issues. On that last call, Defendants' counsel notified Plaintiffs' counsel that Defendants believe that it is premature and inefficient to enter a case schedule and begin discovery until the correct parties in interest are named in the complaint. Plaintiffs are represented by Robert L. Powley, James M. Gibson and Jason H. Kasner of Powley & Gibson, P.C and Kevin Parks and Laura Schaefer of Leydig, Voit & Mayer, Ltd. Defendants are represented by Susan J. Kohlmann, Benjamin J. Bradford, and Anna J. Mitran of Jenner & Block LLP.

## II. BASIS FOR JURISDICTION

This Court has subject matter jurisdiction over EIG's copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Plaintiffs allege that this Court has personal jurisdiction over BMO Harris because (i) BMO Harris is a national banking association which is present, registered to do business and is doing business in the State of Illinois and in this District, (ii) has its headquarters within this District, and (iii) many of the acts of copyright infringement alleged in Plaintiffs' First Amended Complaint took place, in whole or part, on computer systems and servers owned by BMO Harris and physically located in this District.

Plaintiffs allege that this Court has personal jurisdiction over BMO Nesbitt Securities

pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209 because (i) BMO Nesbitt Securities has engaged in a persistent course of conduct in Illinois for many years including forwarding and transmitting copies of Plaintiffs' copyrighted works to and through computer systems and servers owned by BMO Harris, located in this District, and should have reasonably expected its acts of copyright infringement as alleged in Plaintiffs' First Amended Complaint to have consequences in the State of Illinois and this District and (ii) BMO Nesbitt Securities committed the acts of direct and contributory copyright infringement alleged in this Complaint within the State of Illinois and this District by forwarding or otherwise transmitting copies of Plaintiffs' copyrighted works to BMO Harris located in this District who ultimately forwarded, relayed or directed copies of Plaintiffs' works to BMO CMC.

Plaintiffs allege that this Court has personal jurisdiction over BMO CMC pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209 because, (i) BMO CMC maintains a business office within this District located at 115 South LaSalle Street, Chicago, IL 60603 and (ii) engaged in a persistent course of conduct in this District by using computer systems and servers owned by BMO Harris physically located in this District to facilitate copyright infringement of Plaintiffs' publications.

Plaintiffs allege that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

### III. NATURE OF THE CASE

#### a. PLAINTIFFS' CLAIMS

This is a case for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.* EIG and its predecessors-in-interest have published newsletters and other publications for the global energy industry for over sixty-five years. BMO Nesbitt Securities has subscribed to EIG's copyrighted weekly publications *Petroleum Intelligence*

*Weekly* and *Natural Gas Week* since at least as early as 2000 through the filing of Plaintiffs' Complaint on October 4, 2018 pursuant to single-copy subscription agreements. EIG alleges that BMO Nesbitt Securities has infringed on EIG's exclusive rights under 17 U.S.C. § 106 by making and distributing copies of *Petroleum Intelligence Weekly* and *Natural Gas Week* beyond its single-copy subscriptions, including to BMO Harris located in Chicago, Illinois, BMO CMC and, possibly, to other BMO related entities. EIG alleges that BMO Harris and BMO CMC infringed EIG's copyrights by receiving, opening, maintaining, creating and/or distributing electronic copies of *Petroleum Intelligence Weekly* and *Natural Gas Week* without license or permission to do so. EIG further alleges that Defendants' infringement of EIG's copyrights was willful.

    b. **DEFENDANTS' CLAIMS**

BMO Harris and BMO Nesbitt Securities, who are currently named in the Amended Complaint, have not committed any of the actions attributed to them in the Amended Complaint. Counsel for Defendants have alerted Plaintiffs' counsel about the infirmities of the Amended Complaint and counsel are collaborating to substitute other parties as defendants in this case.

As to the substance of Plaintiffs' claims, Defendants' actions do not constitute copyright infringement because, among other reasons, Defendants' actions are protected by one or more of the following defenses: fair use, license, unclean hands, waiver, estoppel, acquiescence, expiration of the applicable statutes of limitations, laches, failure to mitigate damages, lack of agency, copyright misuse, and extraterritoriality. Defendants assert that, in any event, Plaintiff knew or should have known of the actions that Plaintiffs allege constitute copyright infringement for more than three years prior to filing the Complaint in the instant

lawsuit and yet delayed in bringing the lawsuit without justification. Additionally, Defendants assert that even though Plaintiffs knew or should have known of the alleged copyright infringement for a substantial time prior to the filing of the Complaint, Plaintiffs failed to notify Defendants or any other parties of the alleged copyright infringement or take any other action to mitigate any potential damages. Defendants assert that the evidence will show that this is in keeping with Plaintiffs' business model which is designed to maximize litigation returns and not to generate legitimate subscription revenue.

## IV. DISCOVERY

Counsel for the Parties have met and conferred about preliminary discovery topics and ESI generally, as outlined below, and they plan to continue such discussions, if necessary, as the case progresses.

### 1. Initial Disclosures

Due to the ongoing investigation and discussions between the Parties, the Parties have not yet exchanged Initial Disclosures. Plaintiffs propose that the Parties exchange their Initial Disclosures under FRCP 26(a)(1) no later than February 15, 2019. Defendants propose that the deadline for initial disclosures be set once the correct parties in interest are named in the complaint.

### 2. Protective Order

The Parties have discussed, in general, submitting a proposed stipulated Protective Order drafted by the parties and/or a modified version of this Court's model confidentiality order. Plaintiffs propose that the Parties finalize and submit a proposed Protective Order to the Court by the date indicated in Exhibit A. Defendants propose that the Parties submit a proposed Protective Order once the correct parties in interest are named in the complaint.

### 3. Limitations on Discovery

The Parties propose no changes to the provisions of FRCPs 30, 33 or 34.

4. **ESI - Format and Production**

The Parties have discussed, in general, the need for ESI parameters for format and production and will work together to agree on such parameters prior to the exchange of electronic discovery in this case.

5. **Privilege Logs**

The Parties agree to produce a Privilege Log for all documents they are claiming privilege for up to the date of the filing of the original Complaint. Privilege Logs will be produced once discovery is essentially complete.

6. **Case Schedule**

Plaintiffs propose the case schedule annexed hereto as Exhibit A. Defendants believe that it is premature to enter a case schedule until the correct parties in interest are named in the complaint because it would be inefficient to begin discovery until then.

V. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Parties do not consent to proceed before a Magistrate Judge

## VI. ESTIMATED LENGTH OF TRIAL

The Parties currently estimate the length of trial to be 3-5 days.

Respectfully submitted,

By: /s/ *RobertL.Powley*
Robert L. Powley (Attorney-In-Charge)
rlpowley@powleygibson.com
(admitted *pro hac vice*)
James M. Gibson
jmgibson@powleygibson.com
(admitted *pro hac vice*)
Jason H. Kasner
jhkasner@powleygibson.com
(admitted *pro hac vice*)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 305
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

and

Kevin C. Parks (6197772)
kparks@leydig.com
Laura M. Schaefer (6321447)
lschaefer@leydig.com
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601
Tel: (312) 616-5600
Fax: (312) 616-5700

Attorneys for Plaintiffs,
ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE GROUP
(UK) LIMITED